UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) CASE NO. 4:08-cv-0113-DFH-WGH | |
| NATASHA CRIDER, JOHN BAKER, ) | |
| JAMES BAKER, HAITHEM B. BOLES and ) | |
| SONYA L. BOLES, ) | |
| ) | |
| Defendants. ) | |

ENTRY ON BOLES DEFENDANTS' MOTION TO DISMISS

The central issue in this insurance coverage case at this time is whether the case should proceed in the Southern District of Indiana or the Southern District of Ohio. As explained below, the court concludes that venue in Indiana is improper under the applicable terms of the insurance policy in question, so the court transfers the case to Ohio pursuant to 28 U.S.C. § 1406(a).

On December 8, 2007, defendant Natasha Crider was driving an automobile that collided with a vehicle driven by defendant Haithem Boles. Mr. Boles suffered serious injuries, including a hip fracture and dislocation, broken arm, and other head and abdominal injuries. The accident occurred in Dearborn County, Indiana, near Cincinnati, Ohio. Boles and his wife filed a suit in an Ohio state

court against Crider and the owner of the vehicle she was driving, John Baker, and his son James Baker.

Under a policy issued to John Baker, Allstate insured the vehicle Crider was driving. Allstate filed this action in the Southern District of Indiana seeking a judgment declaring that the accident and/or certain claims arising from it are not covered by the liability insurance policy because Crider was driving the Baker vehicle without permission. Allstate has recently moved for leave to amend the complaint to seek a declaration that James Baker was not an insured under the policy. That motion is granted, but nothing in the amended complaint affects the venue issue.

The Boles have moved to dismiss the case. They use a number of different labels, but it is evident from their memorandum that what they really seek is either dismissal or transfer for improper venue. The Boles refer generally to a lack of jurisdiction. Subject matter jurisdiction is not in doubt. The parties are of diverse citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. Personal jurisdiction over the Boles is not in doubt because the claims arise from an accident that occurred in Indiana, where Mr. Boles presumably was traveling voluntarily. The Boles also phrase their argument in terms of failure to state a claim upon which relief can be granted, but that argument is based on the forum selection clause in the insurance policy, which

really addresses venue. (In their reply memorandum, the Boles withdrew their challenge to service of process.)

Allstate and the Boles have debated the proper choice of law in the case, both under the terms of the insurance policy and more generally. Neither side has identified any relevant difference between Ohio law and Indiana law. Without such a difference in view, the court declines at this time to write a moot essay on which state's law might govern any of a host of potential issues.

The central issue presented by the Boles' motion is the effect of the forum selection provision of the Allstate policy issued to John Baker in Ohio. The problem is how to apply this provision to a lawsuit that tests whether a particular occurrence or claim is covered by the policy. The policy provides in relevant part:

> Where Lawsuits May Be Brought
>
> Subject to the following two paragraphs, any and all lawsuits in any way related to this policy shall be brought, heard, and decided only in a state or federal court located in Ohio. Any and all lawsuits against persons not parties to this policy but involved in the sale, administration, performance, or alleged breach of this policy or involved in any other way with this policy, shall be brought, heard, and decided only in a state or federal court located in Ohio, provided that such persons are subject to or consent to suits in the courts specified in this paragraph.
>
> If a covered loss to the auto, a covered auto accident, or any other occurrence for which coverage applies under this policy happens outside Ohio, lawsuits regarding that covered loss to the auto, a covered auto accident, or other covered occurrence may also be brought in the judicial district where that covered loss to the auto, a covered auto accident or other covered occurrence happened.

> Nothing in this provision, Where Lawsuits May Be Brought, shall impair any party's right to remove a state court lawsuit to a federal court.

Pl. Ex. 4 at 6-7.

Under the first paragraph, it is clear that Ohio would be an appropriate forum for this lawsuit. If Indiana is a proper venue, it would have to be so under the second paragraph. The problem is that the paragraph requires "a *covered* loss to the auto, a *covered* auto accident, or any other occurrence for which *coverage applies* under this policy . . . ." Yet Allstate's position on the merits of this lawsuit is that there was no covered loss, accident, or occurrence precisely because Crider did not have permission to drive the Baker vehicle. Therefore, the Boles argue, the paragraph that might otherwise allow venue in Indiana, the site of the accident, does not apply.

There is a certain symmetry here. On the merits, Allstate argues there is no coverage, but on venue, Allstate relies on a provision that applies only when there is coverage. On the merits, the Boles argue that there is coverage, but on venue, they reject the provision that applies if there is coverage.

Allstate seems to argue that it just makes good practical sense to try the dispute in Indiana because discovery and testimony will be needed from witnesses in Indiana. See Pl. Mem. 7. That might be true for the Boles' underlying tort suit against Crider and the Bakers. But it is not so clear to the court, at least on this

record, that the same will be true for the coverage issue. The coverage issue will not depend on Mr. Boles' injuries or exactly how the accident happened. It will depend on how Ms. Crider came to be driving the Baker vehicle. The record in this case is silent as to how, when, and especially where that occurred. The key parties to that issue – James Baker, John Baker, and Natasha Crider – are all citizens and residents of Ohio and are all already parties to the Boles' lawsuit in the Ohio state court. The only Indiana parties in this case are the Boles, and they would prefer to have this case heard in the primary forum, Ohio. They have not suggested that Ohio is an inconvenient forum for them.

After noting that some witnesses and discovery will be needed from Indiana, Allstate asserts: "Thus, Allstate's Complaint for Declaratory Judgment is a lawsuit regarding a 'covered occurrence' that happened in Indiana." Pl. Mem. 7. The conclusion does not follow from the premise, since Allstate's position on the merits is that the occurrence is not a "covered occurrence." The Boles criticize Allstate for this contradiction, but of course they face a similar contradiction themselves. If, as they assert, their claims are covered by the policy, then venue in Indiana is proper under the policy.

Neither side has directed the court's attention to any relevant case law involving a similar linkage between forum selection and the merits, let alone a similar contradiction between each side's position on the merits and on forum selection. The court also has not located case law on these specific questions, but

-5-

the Seventh Circuit and district courts within this circuit have addressed motions to dismiss based on forum selection clauses.

A motion to dismiss based on a forum selection clause is treated properly as a Rule 12(b)(3) motion to dismiss for improper venue. *Automobile Mechanics Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007). When a defendant moves to dismiss for improper venue pursuant to Rule 12(b)(3), the plaintiff bears the burden of proving that venue is proper. See *Moore v. AT & T Latin America Corp.*, 177 F. Supp. 2d 785, 788 (N.D. Ill. 2001), citing *First Health Group Corp. v. Sanderson Farms, Inc.*, 2000 WL 139474, at *2 (N.D. Ill. 2000); 5B Wright & Miller, Federal Practice & Procedure § 1352 (3d ed. 2008). In evaluating a Rule 12(b)(3) motion, a court may consider facts beyond the complaint. *Moore*, 177 F. Supp. 2d at 788. Neither side has asked for an evidentiary hearing on the facts relevant to venue.[1] Accordingly, in ruling on the Boles' motion to dismiss, the court must accept plaintiff's allegations

---

[1] The court could hold a hearing to determine the issue of venue. See *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676 (7th Cir. 2001) (when issues such as personal jurisdiction, subject matter jurisdiction, venue, forum non conveniens, or other preliminary matters are closely linked to merits, court need not take plaintiff's word but may hold hearing), citing *Sheet Metal Workers' National Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031 (7th Cir. 2000). *Szabo* indicates, however, that the court has discretion in such matters. 249 F.3d at 676-77 ("the district judge is free to hold a hearing and resolve the dispute before allowing the case to proceed"). In this case, the court could decide the venue issue after a hearing only by deciding the merits. In the absence of specific guidance, the court believes the better approach is to address the motion to dismiss on the filings and exercise its discretion under 28 U.S.C. § 1406(a) to transfer the case to the Southern District of Ohio.

as true unless controverted by defendant's factual submissions, and must resolve any factual conflicts in the parties' submissions in the plaintiff's favor. *Id.*

The structure of the policy provision is that Ohio is the proper venue unless an exception applies. The exception applies if the lawsuit relates to a covered occurrence. The complaint alleges that Crider was driving John Baker's car without permission when the accident occurred. Compl. ¶ 14. If this is true, the accident was not a covered occurrence because Crider was insured only if she had John Baker's permission. See Dkt. No. 1, Ex. A at 8 (definition of "Insured Person(s)"); see also Compl. ¶ 28 (alleging that "The Policy provides no coverage from Allstate for any claim alleged by any of the Respondents" arising from the accident). Because the Boles have not challenged the complaint for purposes of this motion to dismiss, the court assumes that the allegations in the complaint are true. If the allegations in the complaint are true, venue is not proper in Indiana. This case must be brought "in a state or federal court located in Ohio." Pl. Ex. 4 at 6. The court believes that transfer is a more appropriate remedy than dismissal. See 28 U.S.C. § 1406(a).

Accordingly, the court hereby orders the clerk of the court to transfer this action to the United States District Court for the Southern District of Ohio, Western Division.

So ordered.

Date: January 26, 2009

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Robert B. Clemens
BOSE MCKINNEY & EVANS, LLP
rclemens@boselaw.com

Curtis T. Jones
BOSE MCKINNEY & EVANS, LLP
cjones@boselaw.com

Edward C. Lanter
SUMME & LANTER PLLC
sueme@fuse.net

Alissa J. Magenheim
O'CONNOR, ACCIANI, & LEVY, CO., LPA
AJM@OAL-law.com